Final Order No. DOH-23-0503-V-()-LMQA

FILED DATE - MAY 1 0 2023
Department of Health

By: _____
Deputy Agency Clerk

STATE OF FLORIDA
BOARD OF NURSING

DEPARTMENT OF HEALTH,

      Petitioner,

vs.

                                                             Case No.: 2022-17801
                                                             License No.: RN 2749972

CATHERINE SHANNON DUNTON, R.N.,

      Respondent.

_____/

## FINAL ORDER

This matter appeared before the Board of Nursing at a duly-noticed public meeting on April 13, 2023, in Daytona Beach Shores, Florida, for final agency action pursuant to Sections 120.569 and 120.57(2), Florida Statutes. Chad Dunn, Caitlin Harden, Nicole DiBartolomeo, and Phillip Crawford, attorneys for the Florida Department of Health. Respondent was not present.

Petitioner has filed an Administrative Complaint seeking disciplinary action against the license. A copy of the Administrative Complaint is attached to and made a part of this Final Order. Respondent was properly served but failed to submit a timely election of rights or otherwise respond to the service of the Administrative Complaint. Petitioner has filed a Motion for Determination of Waiver and Entry of Final Order.

The prosecuting attorney offered the investigative file into evidence to prove the facts as alleged in the Administrative Complaint and for the purposes of determining penalty. The investigative file was received into evidence. After a complete review of the record in this matter, including consideration of the Administrative Complaint, any written evidence or testimony, and any mitigating or aggravating circumstances, the Board makes the following findings and

1

conclusions:

## FINDINGS OF FACT

1.    The allegations of fact set forth in the Administrative Complaint are approved, adopted, and incorporated herein by reference as the findings of fact by the Board.

2.    There is competent, substantial evidence to support the Board's findings and conclusions.

## CONCLUSIONS OF LAW

3.    The conclusions of law alleged and set forth in the Administrative Complaint are approved and adopted and incorporated herein by reference as the conclusions of law of the Board.

4.    The violation set forth in the Administrative Complaint warrants disciplinary action by the Board.

5.    Based upon the Findings of Fact, the Board concludes that the licensee violated Section 464.018(1)(j), Florida Statutes, by being unable to practice nursing with reasonable skill and safety to patients by reason of illness or use of alcohol, drugs, narcotics, or chemicals or any other type of material or as a result of any mental or physical condition.

6.    The Board is empowered by Section 464.018(2) and/or 456.072(2), Florida Statutes, to impose a penalty against Respondent.

THEREFORE, IT IS ORDERED AND ADJUDGED, that:

7.    **Suspension**. Respondent's license is suspended until the licensee undergoes an evaluation coordinated by the Intervention Project for Nurses (IPN) and complies with any and all terms and conditions imposed by IPN as a result of said evaluation. It is the duty of the licensee to contact the IPN at P.O. Box 49130, Jacksonville Beach, Florida 32240-9130, (904) 270-1620

2

within 30 days.    If the licensee is in need of monitoring or treatment, she will comply with all conditions of the IPN Advocacy Contract or she will be in violation of the Board Order.

If the licensee is diagnosed with a condition that prevents the licensee from practicing nursing with reasonable skill and safety to patients, the licensee shall comply with any and all terms and conditions imposed by IPN as a result of the evaluation.   If the licensee is not in need of monitoring or treatment and the IPN is not suitable, no further action will be required.

## RULING ON MOTION TO ASSESS COSTS

The Board reviewed Petitioner's Motion to Assess Costs, grants the Motion, and imposes the costs associated with the investigation and prosecution (excluding attorney time) of this case in the amount of **four thousand seven hundred thirty-seven dollars and ninety-one cents ($4,737.91)** to be paid within **60 months** of the filing date of this Final Order.   Payment of the costs shall be made to the Board of Nursing and mailed to, DOH-Compliance Management Unit, 4052 Bald Cypress Way, Bin C76, Tallahassee, FL 32399-3276, Attention: Nursing Compliance Officer. **Payment must be made by cashier's check or money order ONLY.**   Personal checks will not be accepted.

This Final Order shall become effective upon filing with the Clerk of the Department of Health.

**DONE AND ORDERED** this **9**th day of **May,** 2023.

BOARD OF NURSING

Joe R. Baker, Jr., Executive Director
*for* Jose D. Castillo, III, PhD, MSNA, CRNA, APRN, Chair

3

## NOTICE OF RIGHT TO JUDICIAL REVIEW

A PARTY WHO IS ADVERSELY AFFECTED BY THIS FINAL ORDER IS ENTITLED TO JUDICIAL REVIEW PURSUANT TO SECTION 120.68, FLORIDA STATUTES. REVIEW PROCEEDINGS ARE GOVERNED BY THE FLORIDA RULES OF APPELLATE PROCEDURE.  SUCH PROCEEDINGS ARE COMMENCED BY FILING ONE COPY OF A NOTICE OF APPEAL WITH THE AGENCY CLERK OF THE DEPARTMENT OF HEALTH AND A SECOND COPY, ACCOMPANIED BY FILING FEES PRESCRIBED BY LAW, WITH THE DISTRICT COURT OF APPEAL, FIRST DISTRICT, OR WITH THE DISTRICT COURT OF APPEAL IN THE APPELLATE DISTRICT WHERE THE PARTY RESIDES.  THE NOTICE OF APPEAL MUST BE FILED WITHIN THIRTY (30) DAYS OF THE FILING DATE OF THE ORDER TO BE REVIEWED.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by certified and U.S. mail to **Catherine Dunton**, 1633 SE Flintlock Road, Port Saint Lucie, Florida 34952; and by email to: IPN info@ipnfl.org;  **Matthew Witters**, Chief Legal Counsel, DOH-PSU,  matthew.witters@flhealth.gov; **Deborah Loucks**, Senior Assistant Attorney General, Deborah.Loucks@myfloridalegal.com; on _____ May _____ 10 _____, 2023.

*Elizabeth Eubanks*
Deputy Agency Clerk

**Certified Article Number**

9414 7266 9904 2185 1273 24

**SENDER'S RECORD**

Catherine Dunton
1633 SE Flintlock Road
Port Saint Lucie, FL 34952

4

## STATE OF FLORIDA
## DEPARTMENT OF HEALTH

DEPARTMENT OF HEALTH,

    PETITIONER,

v.                                 CASE NO. 2022-17801

CATHERINE SHANNON DUNTON, R.N.,

    RESPONDENT.

_____/

## ADMINISTRATIVE COMPLAINT

Petitioner Department of Health (Department) files this Administrative Complaint before the Board of Nursing (Board) against Respondent, Catherine Shannon Dunton, R.N., and in support thereof alleges:

1.　　Petitioner is the state agency charged with regulating the practice of nursing pursuant to section 20.43, Florida Statutes (2022), and chapters 456 and 464, Florida Statutes (2022).

2.　　At all times material to this Complaint, Respondent was licensed to practice as a registered nurse within the State of Florida, having been issued license number RN 2749972.

3.　　At all times material to this Complaint, Respondent's address of record was 1633 SE Flintlock Road, Port St. Lucie, Florida 34952.

EXHIBIT A

4.     On or about May 24, 2022, Respondent underwent a mental and physical evaluation with Lawrence Wilson, M.D., (Dr. Wilson) a physician specializing in addiction medicine and psychiatry.

5.     Dr. Wilson diagnosed Respondent with severe opioid use disorder and severe alcohol use disorder.

6.     Dr. Wilson opined that Respondent is unable to practice as a registered nurse with reasonable skill and safety to patients.

7.     Dr. Wilson recommended that Respondent engage in a residential or partial hospitalization treatment program and enter into a monitoring contract with Intervention Project for Nurses (IPN).[1]

8.     To date, Respondent has not complied with the recommended treatment or monitoring.

9.     Section 464.018(1)(j), Florida Statutes (2021), authorizes discipline for being unable to practice nursing with reasonable skill and safety to patients by reason of illness or use of alcohol, drugs, narcotics, chemicals,

---

[1] IPN is the impaired practitioner program for the Board of Nursing, pursuant to section 456.076, Florida Statutes (2021). IPN monitors the evaluation, care, and treatment of impaired nurses. IPN oversees random drug screens and provides for the exchange of information between treatment providers, evaluators, and the Department for the protection of the public.

or any other type of material or as a result of any mental or physical condition.

10. Respondent is unable to practice nursing with reasonable skill and safety to patients due to Respondent's:

a. Severe opioid use disorder; and/or

b. Severe alcohol use disorder.

11. Based on the foregoing, Respondent violated section 464.018(1)(j).

**WHEREFORE**, Petitioner respectfully requests that the Board enter an order imposing one or more of the following penalties: permanent revocation or suspension of Respondent's license, restriction of practice, imposition of an administrative fine, issuance of a reprimand, placement of Respondent on probation, corrective action, refund of fees billed or collected, remedial education and/or any other relief that the Board deems appropriate.

SIGNED this 8th day of September, 2022.

_/s/ *Elizabeth Tiernan*_for FBN 127145____
Kelly Fox, Esq.
Assistant General Counsel
DOH Prosecution Services Unit
4052 Bald Cypress Way, Bin C-65
Tallahassee, FL 32399-3265
Florida Bar Number 76486
(T) (850) 558-9832
(F) (850) 245-4684
(E) Kelly.Fox@flhealth.gov

**FILED**
**DEPARTMENT OF HEALTH**
**DEPUTY CLERK**
CLERK: *Elizabeth Eubanks*
**DATE:** September 08, 2022

PCP Meeting: 9/8/22
PCP Members: Stone-Gale & Castillo

Administrative Complaint
Dep't of Health v. Catherine Shannon Dunton, R.N.
Case Number: 2022-17108

Page 4 of 5

## NOTICE OF RIGHTS

Respondent has the right to request a hearing to be conducted in accordance with Section 120.569 and 120.57, Florida Statutes, to be represented by counsel or other qualified representative, to present evidence and argument, to call and cross-examine witnesses and to have subpoena and subpoena duces tecum issued on his or her behalf if a hearing is requested. A request or petition for an administrative hearing must be in writing and must be received by the Department within 21 days from the day Respondent received the Administrative Complaint, pursuant to Rule 28-106.111(2), Florida Administrative Code. If Respondent fails to request a hearing within 21 days of receipt of this Administrative Complaint, Respondent waives the right to request a hearing on the facts alleged in this Administrative Complaint pursuant to Rule 28-106.111(4), Florida Administrative Code. Any request for an administrative proceeding to challenge or contest the material facts or charges contained in the Administrative Complaint must conform to Rule 28-106.2015(5), Florida Administrative Code.

Mediation under Section 120.573, Florida Statutes, is not available to resolve this Administrative Complaint.

## NOTICE REGARDING ASSESSMENT OF COSTS

Respondent is placed on notice that Petitioner has incurred costs related to the investigation and prosecution of this matter. Pursuant to Section 456.072(4), Florida Statutes, the Board shall assess costs related to the investigation and prosecution of a disciplinary matter, which may include attorney hours and costs, on the Respondent in addition any other discipline imposed.

Administrative Complaint
Dep't of Health v. Catherine Shannon Dunton, R.N.                    Page 5 of 5
Case Number: 2022-17108